UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA, :
: **SUMMARY ORDER**
-against- : 09-CR-525 (DLI)
:
ROHAN STEWART, *pro se*, :
:
Defendant. :
------------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On July 12, 2011, defendant Rohan Stewart ("Defendant") pled guilty to conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349 and aggravated identity theft in violation of 18 U.S.C. § 1028A. On June 29, 2012, the Court sentenced Defendant to time served on Count One and 24 months imprisonment on Count Nineteen to run consecutively to the sentence imposed for Count One. (*See* Minute Entry, Dkt. Entry No. 531; *see also* Judgment, Dkt. Entry No. 550.) Defendant was to begin serving his sentence on September 7, 2012. (*Id.*)

By letter dated November 21, 2013, Defendant, *pro se*, requested clarification of his sentence, asserting that he had completed his sentence because he received time served for Count One. (Mot. for Clarification of Sentence ("Def.'s Mot."), Dkt. Entry No. 615.) The government responded to Defendant's Motion on January 6, 2014. (Resp. to Def.'s Mot. ("Gov't Resp."), Dkt. Entry No. 617.) For the reasons set forth below, Defendant's motion for clarification of sentence, which the Court has construed liberally as a motion for a reduction of sentence, is denied.

## DISCUSSION

In reviewing Defendant's motions, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

94 (2007). Accordingly, the Court interprets defendants' motions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006).

I.  **Motion for Clarification of Sentence**

Defendant seeks clarification of his sentence, arguing that the Court did not order him to serve one day on Count One. (Def.'s Mot. at 1.)

The Court liberally construes *pro se* Defendant's motion as requests for: (a) credit for the time served on Count One for Count Nineteen; (b) his two sentences to run concurrently pursuant to 18 U.S.C. § 3584(a); and (c) modification of his current federal sentence pursuant to 18 U.S.C. § 3582(c). As set forth below, Defendant's motion is denied in its entirety.

A.  <u>Credit for Time Served on Count One</u>

Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). Consequently, a defendant may only receive credit for time served towards one sentence.

Defendant argues that he completed his 24 months of imprisonment for Count Nineteen on October 24, 2013. (Def. Mot. at 1.) However, only the time that Defendant has served since sentencing can be credited to the time that must be served on Count Nineteen.[1] Any time served prior to that date was credited towards Defendant's sentence on Count One and cannot count as time served for both Counts One and Nineteen. Under 18 U.S.C. § 3585(b), a defendant can

---

[1] The Court is mindful that the Bureau of Prisons "'possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b).'" *Dixon v. Terrell*, 2011 WL 4543712, at *8 (E.D.N.Y. Sept. 29, 2011) (quoting *United States v. Whaley*, 148 F.3d 205, 206 (2d Cir. 1998)). Thus, the Court does not attempt to provide an exact calculation of credit.

receive credit only for time served towards one prison sentence. Therefore, the period between August 2009 and June 2010 cannot be applied to Defendant's ongoing sentence for Count Nineteen because the Court directed the sentence on Count Nineteen run *consecutively* to Count One. (*See* below.)

B.  Count Nineteen Sentence to Run Consecutively to Count One Sentence

Pursuant to 18 U.S.C. § 3584(a), "[i]f multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . . *Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively*." 18 U.S.C. § 3584(a) (emphasis added).

Defendant was sentenced on June 29, 2012 to terms of imprisonment for Counts One and Nineteen. Defendant "had multiple terms of imprisonment imposed at the same time" and, pursuant to 18 U.S.C. § 3584(a), the prison terms are to run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. However, the Court specifically imposed the term of 24 months imprisonment for Count Nineteen to run consecutively to the time served on Count One because the statute so required. (*See* Judgment, Dkt. Entry No. 550.) Section 1028A(b)(2) provides that: "no term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment imposed on the person under any other provision of the law . . . ." A sentence of imprisonment, as well as the term of supervised release for aggravated Identity Theft (Count Nineteen) must run consecutively to any other count. Thus, the terms of imprisonment for Counts One and Nineteen appropriately ran consecutively.

3

C. <u>Modification of Sentence</u>

Defendant requests the Court order that his term of imprisonment for Count Nineteen run concurrently with the sentence imposed on Count One. Pursuant to 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except for the following circumstances: 1) upon motion of the Director of the Bureau of Prisons; 2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and 3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). None of the aforementioned circumstances under 18 U.S.C. § 3582 are applicable here. Therefore, the Court denies any request to modify Defendant's sentence. Moreover, as discussed in Section B above, such a sentence would be illegal.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion for clarification of sentence, which the Court has construed liberally, in light of defendant's *pro se* status, as a sentence reduction motion, is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
      July 23, 2014

                                         _____/s/_____
                                           DORA L. IRIZARRY
                                      United States District Judge